IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DEDUAN ANTHONY, | § | |
| TDCJ No. 2223552, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1570-S-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Deduan Anthony, a Texas prisoner, was convicted of possession of a controlled substance and aggravated robbery in Dallas County and sentenced to concurrent sentences of 25 years of imprisonment. And the Court recently denied his initial *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus collaterally attacking both convictions and sentences. *See Anthony v. Dir., TDCJ-CID*, No. 3:19-cv-2725-S-BN, 2021 WL 2517694 (N.D. Tex. Feb. 8, 2021), *rec. accepted & C.O.A. denied*, 2021 WL 2516682 (N.D. Tex. June 18, 2021).

Anthony returns to federal court with a *pro se* 2254 application challenging his drug possession conviction. *See* Dkt. No. 3. The presiding United States district judge referred the petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction to consider this successive petition, it should be transferred to the United States Court of Appeals for the Fifth Circuit for

appropriate action.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)).

As such, Section 2244

lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.

...

Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Anthony previously exercised his "one fair opportunity to seek federal habeas relief from [this] conviction." *Banister*, 140 S. Ct. at 1702. And, although he now alleges that his current claims "could not have been presented previously in an original [federal habeas] application or in a previously considered [state habeas] application," Dkt. No. 3 at 7, these claims raise defects in this conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current]

attack[s were] not" known to him when Anthony filed the initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *compare* Dkt. No. 3 at 6-7 (asserting that motions filed in the criminal prosecution were based on neither true nor lawful allegations), *with Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

So, because the current claims are successive, Anthony's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider this Section 2254 application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

But, as this appears to be Anthony's first successive federal habeas petition as to this state conviction, the Court should cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer Petitioner James Deduan Anthony's successive application for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 13, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE